Counsel for the Appellant, please approach and proceed. Thank you. Bob Crudell, Foreign, on behalf of the Appellant, Terence Ignacio. We submit that it is well established that a public employee dismissed while possessing a right to continued employment is entitled to constitutional due process. In this particular case, Ignacio was summarily dismissed. Whether he had a right to continued employment necessarily turns upon the terms of his employment. Article 13d of the applicable collective bargaining agreement. Before you proceed further, when you say summarily dismissed, what exactly was the procedure? He just walked into the chief and said, you're dismissed, get out of here? Was that it? No, my understanding is that he was charged by internal affairs. When you say charged, did he get notice of the charge? So he was told what the charge was? Yes, he was told what... there were charges asserted against him, yes. With failure to what? It was General Order 300D of the Hawaii Department, Police Department's General Orders, Commission of Any Criminal Act. So he was given notice of that charge, and then what happened? The next thing of substance, I believe, that happened is he received a letter from the chief of police indicating that he was being dismissed effective the next day. That was the May 10, 2010 letter. It said that the chief had found that his conduct was contrary to General Order 300, again, Commission of Any Criminal Act. And then was he given, like, any opportunity to respond to those charges or to say anything or to contest them? He was asked to respond much like one would be asked to respond to a complaint, and he did respond in that regard to internal affairs. But isn't that what due process is, notice and an opportunity to respond? I believe that's, well, notice and an opportunity to respond. We take issue with the fact whether or not the reason given was not protectual in this particular case. But being that he was a probationary employee, do we get to that step? Under what procedural framework would we reach that question? Absolutely. If you look at the term probation or probationary employee, it raises to the mind an employee that's terminable at will for any reason or no reason. In this particular case, however, as I was going to indicate, Article 13D of the applicable collective bargaining agreement expressly prohibits the dismissal of any employee without furnishing the employee the reasons for the dismissal on or before dismissing him. Now, the county has maintained that the reasons were the charges. However, it's our position that the disclosure obligation of Article 13D is far more comprehensive than suggested by the county. In other words, it goes beyond an obligation to provide the charges. Isn't that all it says? No, I do not believe it does. You've acknowledged that your client was told reasons. You've argued that the reasons were a pretext. I'm not sure what the pretext was. But as Judge Rollinson asked, isn't that what due process requires? Well, I think this case presents an unusual circumstance in that, for several reasons. One, the chief, at the time of his testimony before the Merit Appeals Board, indicated that the reasons that he fired him or dismissed him were reasons that were contained in documents which were not disclosed to my client. In other words, they had... But they've all been disclosed now. It's not like you've discovered that the police chief had something against people named Ignacio. There's really nothing discriminatory. There's nothing unlawful that I see about the reasons for the county's actions. Are you alleging there was something specifically unlawful about the actual motivation? Not about the motivation. What we're suggesting... What is the problem here? It seems to me this is all a procedural argument that circles back upon itself. What we're suggesting is that, pursuant to Article 13D, if the county's right to dismiss Mr. Ignacio was contingent upon providing him with the reasons, and if the reasons that were given were not, in fact, the reasons, which the chief's testimony seems to suggest... Well, the chief's testimony is aimed at saying he's at will, he's on probation. This isn't discipline. This is my judgment, the department's judgment, that this person is not suitable as a police officer. Isn't that something the police department's allowed to decide for itself? I think Article 13 requires the disclosure of the reasons, regardless of whether it was discipline... And now that you know the reasons, what's unlawful about them? Then I believe that, according to the language of Article 13D, the department did not have the right to terminate him until the real reasons were disclosed. But what were the real reasons? What was different? If you're telling me now you don't know and all the documents have been disclosed, that seems to confirm my suspicion that we're just dancing on the head of a pin here about some procedural complaint. But there's nothing substantive here, is there? Well, what was disclosed when they, over six months later, when they did produce the investigative files, was the specific evidence that the county had. And we believe that, pursuant to due process, he was entitled to an explanation of the evidence. There's never... But you're not complaining about any of it. I mean, I don't see any there there. There's no substantive complaint here. This all seems to be about, well, I wasn't told when I wanted to be told the specifics of the charges against me. But there's not an argument that the county doesn't have the power to terminate somebody who's still on probation, is there? Are you contesting that? I am. I absolutely am. So you're contending that the terms of the collective bargaining agreement override the at-will employment relationship and the probationary status? It changes it, yes. And yet, you didn't take that argument to the state board, which has authority over the collective bargaining agreement. Yes, the labor board. We did not. We did not. So, Counselor, in addition, doesn't the collective bargaining agreement itself say that the procedures within that document are not applicable to probationary employees? Absolutely, it says that. But Article 13D also says that Article 13D, in effect, supersedes any other provision contained within the collective bargaining agreement. It does that by saying explicitly, quote, notwithstanding any other provision herein. Thus, the obligation of the county to disclose and Mr. Ignacio's entitlement to that disclosure is something that takes precedence over any other provision or term of the collective bargaining agreement that might be construed contrary to it. But Article 13 does not address who's covered by the collective bargaining agreement. So, there's a specific provision stating which employees are covered by the collective bargaining agreement. Article 13 does not address that. Article, I believe it's Article 2, defines the term employees very comprehensively. And Article 13 says that employees are entitled to the disclosure. Well, the definition of employees is unless the context otherwise requires. So, if the context is for a probationary employee and there's a specific provision that says probationary employees are not included, why wouldn't that then exclude those probationary employees from the definition? Well, if you look at Article, excuse me, Article 13 of the collective bargaining agreement, it begins by distinguishing between regular employees and employees. When regular employees are intended, it uses the term or phrase regular employees. Then it says any, it uses the term thereafter of any employee. And Article 13b talks about employees. It doesn't mention regular employees. And again, it seems to me that the language notwithstanding any other provision herein suggests very strongly that the disclosure that's intended here is to apply notwithstanding any other provision contained within the agreement. So, your argument is that this trumps the at-will provision and police departments don't have the right to use a probationary period for police officers. What logic could there possibly be in that argument? Well, my logic is that this is a collective bargained agreement. It was obviously of some importance to have this provision bargained into the agreement. It says what it says. But it speaks about discipline. It speaks about regular employees. Why would we think that SHOPO would be trying to unwind an at-will probation status, which the agreement itself recognized, and do it through the back door instead of through the front door? If it wanted to say this applies to all, including those on probationary status, wouldn't you expect it to say just that? It could have been clearer. Well, it's not just clear. I mean, you're trying to unwind through the back door when the front door says something different. You're trying to say, in effect, for all the talk of probationary status, there is no such thing for a police officer. And that strikes me as illogical. Well, I see a substantive distinction between a regular employee and a probationary employee, even given the position that we have taken. However, to address your initial question, you indicate that, you know, this was a disciplinary matter. Quite to the contrary. From the county's perspective, it's not. But this provision is about disciplinary matters, which is why the county initially took the position that this provision doesn't apply at all. Let's assume that. Okay. Well, that's fine with me. Section 18A provides that discipline shall be deemed to include, amongst other things, dismissals. And in this particular case, that's exactly what happened. Well, that's backwards. It doesn't say dismissals will automatically be deemed to be disciplined. It would suggest that any dismissal would have to be deemed disciplined. And in the context of a probationary employee, that doesn't make sense. It's not the judgment that we want to punish this person. It's a judgment that we don't want this person to be a police officer any longer. That's exactly what probation is supposed to be about. So the county's position made perfect sense to me. This isn't discipline from their perspective. They're not trying to punish him. They're not trying to prod him into being a better police officer. They've made the judgment they don't want him to be a police officer. That's not discipline. Well, there are a couple of issues I would take with that respectfully. Counsel, you only have a few minutes left. I want you to address just briefly one other issue. Let's suppose, you know, your position is sustainable, in other words, that there was some kind of due process violation in the termination of your client. At the fallback position, defendants plead that they're entitled to immunity. Why aren't they, even assuming there was a violation? In terms of the county. Well, start with the chief. Well, the chief, they've argued that he's entitled to qualified immunity. And our position on that. Excuse me one second. Our position on that is that a right to continued employment constitutes a clearly established property interest protected by the 14th Amendment and entitles Mr. Ignacio to due process. So if he had a continued right to employment. Well, all that's assumed in saying let's assume there was a constitutional violation. Why, in spite of that, is the chief not entitled to qualified immunity? Because if, in fact, he was going to dismiss Mr. Ignacio, knowing, and he should have known, that when you dismiss a public employee, Not probation. Well, when you dismiss a public employee, you need to consider whether or not he has a continued right to employment. In order to do that, you have to consult the terms of employment. And while the label probation exists within the county, the county also entered into a collective bargaining agreement and thereby transformed or modified the terms of employment. Well, let me ask a more, maybe, direct question going to the point. What's the best case that supports your position that the chief here is not entitled to qualified immunity? The best case is that it was patently obvious that No, no, I mean a case with the citation, you know, like 541 F3rd. I would say Malley v. Briggs, 475 U.S. 325. Malley? Okay. I believe set forth the standard where of plainly incompetent and in the case where it's so obvious that you should consult the collective bargaining agreement. So Malley v. Briggs says that. In other words, the immunity protects all but the plainly incompetent, right? Yes. So what are you saying, the chief was plainly incompetent? I'm saying that had he read Article 13 as I read it, he would have realized that he had to give the notice that's required or the disclosure that's required by it. And he would also realize that it, in a sense, trumps the other provisions that might be contrary to any other interpretation. Right. As far as the county, the county's policy is if they label you probationary, that's it, you're terminable at will. It doesn't matter what the collective bargaining agreement says. All right. Thank you, counsel. You've exceeded your time. We'll give you a minute for rebuttal. Thank you. We'll hear from counsel for the police department. Good morning. May it please the court. Laureen Martin on behalf of the County of Hawaii and Chief Harry Kubagiri. It's undisputed Mr. Ignacio was a probationary employee when he was terminated. As a probationary employee, he did not have a right to continued employment. At best, he had an abstract need, desire, or unilateral expectation, which the courts have repeatedly said that's insufficient to create a property interest which requires due process protection. Under the collective bargaining agreement, for cause is only required to terminate regular employees. In order to become a regular employee, you have to satisfactorily complete the probation. He seems to be arguing, if I can follow the argument, mostly in response to Judge Clifton's questioning, that it comes down to something like this. He's entitled to a fair termination proceeding in the sense that he's not given a pretextual reason why he's being terminated. Are you saying he doesn't have a right like that? In other words, being told the truth. That seems to be his argument. I think he's relying again on Article 13 for that, that he has a right to the notice of charges. But an honest notice, not pretextual notice. That's what he's saying. There's no evidence that the reasons given were not accurate, that they were pretextual. But Article 13 applies to discipline and dismissal. And under Hawaii state law, HRS 76-27, it's clear that the probationary period, whether somebody passes it or not, is considered part of the examination process. It's not discipline under state law. So that provision clearly does not apply. But a collective bargaining agreement could alter that state of affairs, could it not? I don't believe it could. But even if it did, he clearly was given a notice of the charges. He signed three different documents acknowledging the charges against him. He submitted a written response through his attorney. He was provided an opportunity in person to interview and provide those reasons. There's no indication that there's any other reason for his termination, for his failure of probation, except for what the notice was. It all happened right after these charges, these allegations came forward. The investigation centered upon those. They're trying to hit on a few words that the chief said at the Merit Appeals Board, saying he doubted Mr. Ignacio's credibility because there were inconsistencies. He wasn't terminated because of credibility issues. He was terminated because of these charges. And, yes, credibility probably played into that. But chief had a reasonable basis to believe this particular individual was not qualified, that he did not pass his probationary period. The collective bargaining agreement clearly states that the grievance procedure is not available to a probationary employee who is terminated. That's what the provision... But your opponent's argument is, well, that doesn't apply to this case because this is not a disciplinary proceeding, you know, by your own admission. Well, that provision, this is Article 21, it's on the record at 315. The provision actually doesn't say whether it's discipline or not. It's very clear that if you're terminating a probationary employee, there is no right to the grievance procedure. And that's exactly why he didn't go through the grievance procedure. He had no right to it. The grievance procedure is the sole remedy in order to enforce the collective bargaining agreement. And the agreement clearly says he has no right to use it. By the way, in this case, were there any proceedings brought under the collective bargaining agreement? Was there a grievance filed and, you know, did he go to arbitration or anything like that? There was no grievance filed. There was an internal complaint procedure which went to the Merit Appeals Board. Just one more point. What Plaintiff's Counsel is trying to do is use a couple of procedural issues that have been raised under Article 13. But the case law is clear that that does not convert at-will employment to for cause because it's merely procedure. What case clearly says that? There's Haywood v. Henderson, which is a Ninth Circuit case in 1980. And what does that case say? That in order to change it to for cause, it actually has to affect the grounds, the reasons that you can terminate somebody. It's not enough that you might have some procedures in place for termination. It has to affect the grounds and the reasons. When you say grounds, you mean the substance of the action, right? Yeah, the underlying, like we can only terminate you if you for cause or violate certain rules, that kind of thing. Finally, the other issue they hit on is whether this is fair. The collective bargaining agreement for discipline says it needs to be a fair process. Fair is very vague. There's no indication exactly what they're alleging wasn't fair. He got notice. He had the opportunity to put forward any evidence he wanted to, anything he thought exonerated him. Fair under state law, they say that that's just too vague to be enforced. It's just not enough to alter the at-will employment. So I'm looking at the case Heywood v. Henderson, and what is the point that you're making with that case? That procedural, not guarantees, but a procedural promise that if we terminate you, you will have notice, for example. That that's insufficient to change the at-will employment. That you need, in order to change the at-will employment, you need to have specific grounds and reasons why you could be terminated. Point me to the language in Heywood that you're relying on to support your argument. Let me just grab it. Okay. This case seems to be talking about property interest in employment. Okay, this is on page 597. Right. It says, a law establishes a property interest in employment if it restricts the grounds on which an employee may be discharged. For example, if discharge can only be for just cause, an employee has a right to continue employment. Right. That talks about property interest, but I thought the point you made was converting employment from at-will to a status where the employee is entitled to notice. And you said the case law was clear that it could not be converted. And so I thought there would be some language in this case that stood for that proposition. That's why I was asking you where in that case. I'm sorry. If you follow it down, it does say, guarantee of procedural fairness does not establish a property right. Right. So I guess when we're looking at the case is obviously focused on due process and whether there's a procedural right. And if it's for cause, then you need, you have the property right, and you need to provide due process. So when I read this case, it's saying you don't get this property right simply because there's a procedural fairness issue. It's saying you need to have a restriction on the grounds. When people tell me that a case is clear for something, I'm thinking that the case is going to say precisely what is going to echo the proposition that you cited for. That's why I was asking you where in the case it said precisely what you said it clearly stood for. Do you understand what I'm saying? If somebody tells me a case clearly says something, I'm thinking it's going to parrot the words that you're telling me. I see. So I understand your argument. That's all I have. All right. Thank you, counsel. One minute for rebuttal, please. In Federal Deposit Insurance Corp. v. Henderson, the employer had the right under the terms of employment to discharge an employee any time for cause. But the terms of employment said that they could not dismiss someone without cause, without 90 days' advance notice. In our case, Article 13, the way I'm reading it, provides that until Mr. Ignacio had the notice that was promised, they could not dismiss him because Article 13 says that on or before dismissal, they will provide him with those reasons. And it says the reasons including the ones that are specifically addressed. What relief do you seek? Well, we seek relief in the form of monetary damages, although the relief would be limited. For what? Damages for what? Well, he should be entitled to damages in the form of reinstatement until or at least the compensation he lost through to the time that the disclosure was, in fact, made. And arguably it was made when they finally, over six months later, provided the investigative files that disclosed to him the actual facts that supported the charges so that he could respond to them, which I think is what was contemplated by Article 13. The other thing I would like to mention, because I know I'm running out of time, is that we're not arguing that he can only be dismissed for cause. Regular employees, we're not arguing that he's a regular employee. We never argued that he was a member of the civil service or that he was not probationary in a sense. What we're arguing is that while regular employees can only be discharged for cause, Mr. Ignacio can be discharged without cause, but not without notice. And they provided that notice to give him, afford him an opportunity to prevail. I'm not arguing he wasn't given notice that he was terminated. So, in fact, you are arguing he had a right to more than just notice of termination. Absolutely. You just say they have the right to terminate him without cause, and I'm kind of lost as to where he lost out. If he knows they could terminate him without cause and they say, you're terminated, what's his right to know anything more than that he's terminated? His right is to be afforded the opportunity to present his side of the case. But you just told us they could terminate him without cause, so there doesn't have to be his side of the case. They don't have to listen to something else based on that. They have to give him an opportunity, I believe. They have to give him notice of the reasons so that, again, I believe he has the opportunity to present the charges. You see, I have the same problem as Judge Clifton. I think what he's trying to say is this. The two things you're saying are sort of contradictory. One, a probationary employee can be terminated without cause, no cause is needed, but yet he's entitled to notice. Well, the purpose of notice, you know, is to give notice of the cause for the impending termination so that you can contest that cause if it's not truthful or sufficient. So if no cause need be given, what is the notice supposed to say? I'm going to fire you and I don't have to tell you why? Is that the notice? Is that sufficient notice? I would say that the notice is supposed to provide the information that causes But no information is legally required because no cause is required. So the notice will say I'm going to fire you and I'm not going to give you any reason. Is that sufficient? Perhaps my use of the term cause is not as precise as it should be. But that's what the notice is. Isn't that the purpose of notice? So the employee knows what the charge is and can respond to it? That's exactly our position. But if no charge is required, what can the notice contain? No charge is required. Right, because you can fire somebody without cause. So I think the two assertions you're making to me are contradictory. Perhaps I'm misstating or misusing the term cause. I believe, and I believe I've been consistent insofar as saying, I believe that he's entitled to notice of the basis, what caused the firing authority to dismiss him, so as to afford him an opportunity to respond and prevail upon the firing authority to change its mind. And that's our position. All right. Thank you, counsel. We understand your position. Thank you to both counsel. The case just argued is submitted for decision by the court. The next case on calendar for argument is Mono-YNM Ltd. v. Steeled.
judges: Tashima, Rawlinson, Clifton